# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 10, 2009

Charles R. Fulbruge III
Clerk

No. 09-40029
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARMEN JOSE MARTINEZ, also known as Carmelo Martinez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-1495-1

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Carmen Jose Martinez pleaded guilty to being an alien unlawfully found in the United States following a prior deportation, in violation of 8 U.S.C. § 1326. He appeals the sentence of 45 months imposed by the district court. The 45-month sentence was above the advisory guidelines sentencing range of 27 to 33 months. Martinez argues that his sentence was procedurally and substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews sentencing decisions for reasonableness, applying an abuse-of-discretion standard. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). This standard applies whether the sentence is within or outside the guidelines range. *Id.* Appellate courts must first ensure that the district court did not commit procedural error. *Gall v. United States*, 128 S. Ct. 586, 597 (2007); *Cisneros-Gutierrez*, 517 F.3d at 764. If there is no procedural error, this court then reviews the substantive reasonableness of the sentence. *Gall*, 128 S. Ct. at 597; *Cisneros-Gutierrez*, 517 F.3d at 764.

Although the reasonableness of a sentence is ordinarily reviewed for an abuse of discretion, plain error review applies if the defendant fails to object in district court. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009), *cert. denied*, 2009 U.S. Lexis 6109 (U.S. Oct. 5, 2009). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Martinez asserts that the district court committed procedural error by failing to properly weigh the § 3553(a) factors. Because Martinez did not object to procedural error in the district court, this issue is reviewed for plain error. *See Mondragon-Santiago*, 564 F.3d at 361.

The record reflects that the district court considered the history and characteristics of the defendant; the need for the sentence to promote respect for the law; the need for the sentence to afford adequate deterrence to criminal conduct; and the need for the sentence to protect the public from further crimes of the defendant. The record therefore shows that the district court carefully considered and weighed the § 3553(a) factors at sentencing. Accordingly, Martinez has failed to demonstrate that the district court plainly erred in weighing the § 3553(a) factors. *See Mondragon-Santiago*, 564 F.3d at 361.

Martinez also contends that his sentence is substantively unreasonable because the above-guidelines sentence is greater than necessary to advance the sentencing goals of § 3553(a). Because Martinez preserved this issue in the district court, his substantive reasonableness argument is reviewed under an abuse of discretion standard. *See Gall*, 128 S. Ct. at 597.

The district court articulated numerous grounds under § 3553(a) for the upward variance, the non-guidelines sentence was less than the statutory maximum sentence of twenty years under § 1326(a) and (b)(2), and the extent of the variance from a guidelines range of 27-33 months to a sentence of 45 months is well within the range of variances this court has upheld. *See United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008); *United States v. Herrera-Garduno*, 519 F.3d 526, 530-32 (5th Cir. 2008); *United States v. Smith*, 440 F.3d 704, 708-10 (5th Cir. 2006). In light of the foregoing, the district court did not abuse its discretion in imposing the sentence.

Martinez has failed to show that his sentence is procedurally or substantively unreasonable. *See Gall*, 128 S. Ct. at 597. Accordingly, the district court's judgment is AFFIRMED